# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUMINENCE, LLC<br><br>    Plaintiff,<br><br>vs.<br><br>TOP LIGHTING CORPORATION; JULIUS, INC.,<br><br>    Defendants. | CASE NO. 17cv1110-WQH-BLM<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion for Default Judgment filed by Plaintiff Luminence, LLC. (ECF No. 6).

**I. Background**

On May 31, 2017, Plaintiff initiated this action by filing a Complaint against Defendants Top Lighting Corporation ("Top Lighting") and Julius, Inc. ("Julius"). (ECF No. 1). Plaintiff brings a cause of action for direct copyright infringement pursuant to 17 U.S.C. § 101 et seq. against Defendants. The Complaint alleges that Plaintiff is a limited liability company that "creates and sells fun and unique fiber optic light-up accessories, including but not limited to, its Glowbys® brand hair attachments." *Id.* ¶ 2,7. The Complaint alleges, "On February 26, 2013, Plaintiff obtained a registration with the United States Copyright Office, Registration Number VA 1-897-465, for the photographic work entitled Girl Wearing Glowbys 1 (the 'Copyrighted Work')." *Id.* ¶ 9. The Complaint alleges that Defendants "create[] and

1 sell[] novelty items . . . including fiber optic light-up accessories" and "directly
2 compete[] with Plaintiff with regard to the sale of fiber optic light-up accessories." *Id.*
3 ¶ 12. The Complaint alleges that Defendants' packaging for hair clip products available
4 from online listings on Amazon and eBay "display[s] an infringing copy of the
5 Copyrighted Work." *Id.* ¶¶ 13-17. The Complaint alleges, "Plaintiff has never
6 licensed, authorized, or otherwise permitted the Defendant[s] to reproduce, distribute,
7 display or otherwise use the Copyrighted Work" and that "[d]espite multiple notices and
8 demands, Defendant[s] willfully and intentionally continued to infringe on Plaintiff's
9 exclusive copyright in the Copyrighted Work." *Id.* ¶¶ 11, 18.

On June 3, 2017, Plaintiff filed Proof of Service with respect to both Top Lighting and Julius. (ECF No. 3). The Proof of Service states that service was completed with respect to both Defendants through personal service on Andrew Kim, who is designated by law to accept service of process for both Defendants. *Id.*

On August 18, 2017, Plaintiff filed a request for entry of clerk default as to Defendants Top Lighting and Julius. (ECF No. 4). In support of the request for entry of clerk default, Plaintiff submitted the declaration of Matthew Capron, counsel for Plaintiff, who stated that the time for Defendants to answer or otherwise move with respect to the complaint has expired and that Defendants have not filed an answer or otherwise moved with respect to the Complaint. (ECF No. 4-1).

On August 22, 2017, the Clerk entered Default as to Defendants Top Lighting and Julius. (ECF No. 5).

On August 23, 2017, Plaintiff filed the Motion for Default Judgment. (ECF No. 6). The record reflects that Defendants have not filed any response to the Motion for Default Judgment.

**II. Discussion**

Plaintiff contends that it is entitled to Default Judgment pursuant to Federal Rule of Civil Procedure 55(b). (ECF No. 6). Plaintiff contends that the specific relief sought by Plaintiff is "factually supported and authorized by law" and Defendants have "never

answered the Complaint or sought relief from the Clerk's Certificate of default against them." (ECF No. 6-1 at 1). Plaintiff contends that it is entitled to $30,000 in statutory damages, an injunction against future similar misconduct, and attorney's fees and expenses in the sum of $4,667. *Id.* at 4-5.

**A. Default Judgment**

Rule 55(a) of the Federal Rules of Civil Procedure requires that the Clerk of the Court enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that the court may grant a default judgment after default has been entered by the Clerk of the Court. Fed. R. Civ. P. 55(b)(2). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (internal quotation omitted) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). The Court of Appeals has instructed courts to consider the following factors when determining whether a default judgment should be granted:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Plaintiff has demonstrated that Defendants were duly served. (ECF No. 3). The docket reflects that Defendants have failed to file any responsive pleading. The Clerk of the Court has entered default against both Defendants. (ECF No. 5). The factual allegations of the Complaint are sufficient to sustain Plaintiff's claim for copyright infringement. *See* ECF No. 1. To state a claim for copyright infringement, a plaintiff must allege: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499

U.S. 340, 361 (1991). In the Complaint, Plaintiff alleges that it has a valid copyright for the photographic work entitled Girl Wearing Glowbys 1 and that it has never "licensed, authorized, or otherwise permitted the Defendant to reproduce, distribute, or otherwise use the Copyrighted Work." (ECF No. 1 at ¶¶ 9, 10). Plaintiff alleges that the packaging for hair clip products sold by Defendants "display[s] an infringing copy of the Copyrighted Work." *Id.* ¶¶ 13-17. Plaintiff's allegations, taken as true, are sufficient to sustain Plaintiff's claim for copyright infringement.

In this case, the possibility of prejudice to Plaintiff is high if the Court does not enter default judgment. If Plaintiff is not granted default judgment, Plaintiff may be without any recourse for recovery. The record reflects that Defendant was served with the Complaint and the Motion for Default Judgment. (ECF Nos. 3, 6). The possibility that Defendants' default was due to excusable neglect is low. *See Microsoft Corp. v. Lopez*, No. C08-1743, 2009 WL 959219, at *3 (W.D. Wash. Apr. 7, 2009) (finding the possibility of excusable neglect low when "Defendant received notice of Microsoft's intention to pursue civil remedies both through receipt of the cease and desist letter and service of the Complaint"). Although there is a "strong policy . . . favoring decision on the merits," *Eitel*, 782 F.2d at 1472, "the mere existence" of Federal Rule of Civil Procedure 55(b) "indicates that the seventh *Eitel* factor is not alone dispositive . . . . Defendant's failure to answer Plaintiff's Complaint makes a decision on the merits impractical, if not impossible." *Phillip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 501 (C.D. Cal. 2003). The Court has considered the factors articulated in *Eitel* and the Court concludes that Plaintiff is entitled to default judgment against Defendants.

**B. Damages**

Plaintiff seeks statutory damages of $30,000 and asserts that the infringements

in this case were willful and malicious.[1] (ECF 6-1 at 4-5). Plaintiff contends that $150,000 in statutory damages are available due to the willfulness of Defendants' acts and, accordingly, the request for $30,000 is reasonable. *Id.* at 5.

Pursuant to Federal Rule of Civil Procedure 54, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). "Plaintiff is required to prove all damages sought in the complaint. . . . In determining damages, a court can rely on the declarations submitted by the plaintiff or order a full evidentiary hearing . . . ." *Phillip Morris*, 219 F.R.D. at 498 (citations omitted). Allegations in the complaint as to the amount of damages are not entitled to an assumption of truth. *See TeleVideo Sys.*, 826 F.2d at 917-18 (quotation omitted).

Statutory damages are appropriate in default judgment cases because the court's ability to determine a plaintiff's actual damages is limited when a defendant fails to mount a defense or participate in discovery . *Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1101 (N.D. Cal. 2003). The Copyright Act provides that a plaintiff may recover statutory damages for non-willful copyright infringements of between $750.00 and $30,000.00 for each act of infringement involved in the action. 17 U.S.C. § 504(c). A plaintiff may recover up to $150,000.00 in statutory damages for a willful copyright infringement. *Id.* "[A] plaintiff may recover statutory damages whether or not there is adequate evidence of actual damage suffered by plaintiff ... in order to sanction and vindicate the statutory policy of discouraging infringement." *L.A. News Serv. v. Reuters Television Int'l*, 149 F.3d 987, 996 (9th Cir. 1998).

In this case, accepting the allegations of the Complaint as true, Plaintiff is entitled to a default judgment that Defendants committed three acts of copyright infringement. Plaintiff has not provided the Court with any evidence of actual damages or the willfulness of Defendants' conduct. *See* 17 U.S.C. § 504(c). Accordingly, the Court may award between $750 and $30,000 for the copyright infringement in this case. The

---

[1] In the Complaint, Plaintiff demands "[a]n award of such actual damages and profits under 17 U.S.C. § 504(b)" or, in the alternative, "an award of statutory damages under 17 U.S.C. § 504(c), up to a maximum of $150,000." (ECF No. 1 at 5).

Court concludes that Plaintiff is entitled to an award of statutory damages in the amount of $1,500 per act of copyright infringement for a total of $4,500. *See Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990) (holding that the Court has discretion to determine the amount of statutory damages to be awarded).

### C. Attorney's Fees

Plaintiff requests attorney's fees in the sum of $4,667. (ECF No. 6-1 at 5). The Copyright Act provides that the Court may award recovery of attorney's fees and costs to the prevailing party as a matter of the Court's discretion. 17 U.S.C. § 505. Plaintiff fails to provide sufficient evidence that Plaintiff is entitled to $4,667 in attorney's fees. *See TeleVideo Sys.*, 826 F.2d at 917-18 )(stating that on default judgment the court does not accept as true factual allegations relating to damages). The Court will allow Plaintiff additional time to submit evidence in support of attorney's fees.

### D. Injunctive Relief

Plaintiff seeks an injunction against similar misconduct by Defendants. (ECF No. 6-1 at 5). Plaintiff requests an order "[p]ermanently enjoining Defendant . . . from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop or manufacture any works derived from or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity" and directing Defendants to "destroy[] all copies, whether electronic or physical, of the Plaintiff's Copyrighted Work." (ECF No. 1. at 6).

The Copyright Act provides that the Court may grant injunctive relief, "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Injunctions are regularly issued pursuant the mandate of Section 502 in order to protect the public's interest in upholding copyright protections. *Autoskill Inc. v. Nat'l Educ. Support Sys., Inc.*, 994 F.2d 1476, 1499 (10th Cir. 1993). Courts "regularly issue injunctions as part of default judgments." *Arista Records, Inc. v. Beker Enters., Inc.*, 298 F. Supp. 2d. 1310, 1314 (S.D. Fla. 2003). "In copyright cases,

irreparable harm is presumed on a showing of a reasonable likelihood of success on the merits." *Id.* Where a default has been entered against a defendant, the default itself satisfies the element of success on the merits. *See Sony Music Entm't, Inc. v. Global Arts Prod.*, 45 F. Supp. 2d 1345, 1347 (S.D. Fla. 1999).

Plaintiff has established a reasonable likelihood of success on the merits, and in turn, irreparable harm. *See Arista Records*, 298 F. Supp. 2d at 1314. In addition, the Court finds that it is in the public interest to enjoin Defendants' copyright infringement. Accordingly, the Court concludes that Plaintiff is entitled to the requested injunctive relief.

### III. Conclusion

IT IS HEREBY ORDERED Plaintiff is entitled to $4,500 in statutory damages and to a permanent injunction. Plaintiff may submit any evidence in support of the request for attorney's fees on or before January 9, 2018. The Motion for Default Judgment shall remain pending in order to allow Plaintiff time to submit any additional evidence related to attorney's fees.

DATED: December 20, 2017

**WILLIAM Q. HAYES**
United States District Judge