1
2
3
4
5
6
7
8
**UNITED STATES DISTRICT COURT**

9
**SOUTHERN DISTRICT OF CALIFORNIA**

10 | LUMINENCE, LLC | CASE NO. 17cv1110-WQH-BLM

11 | Plaintiff, | **ORDER**

12 | vs.

13 | TOP LIGHTING CORPORATION;
JULIUS, INC.,

14 | Defendants.

15 HAYES, Judge:

16      The matters before the Court are the Motion for Default Judgment filed by

17 Plaintiff Luminence, LLC and the Request for Court to Consider Additional Evidence

18 for Attorneys Fees and Costs After Default Judgment.  (ECF Nos. 6, 9).

19      On May 31, 2017, Plaintiff initiated this action by filing a Complaint against

20 Defendants Top Lighting Corporation and Julius, Inc.  (ECF No. 1).  Plaintiff brings a

21 cause of action for direct copyright infringement pursuant to 17 U.S.C. § 101 *et seq.*

22 against Defendants.  The Complaint alleges that Plaintiff is a limited liability company

23 that "creates and sells fun and unique fiber optic light-up accessories, including but not

24 limited to, its Glowbys® brand hair attachments." *Id.* ¶ 2,7.  The Complaint alleges,

25 "On February 26, 2013, Plaintiff obtained a registration with the United States

26 Copyright Office, Registration Number VA 1-897-465, for the photographic work

27 entitled Girl Wearing Glowbys 1 (the 'Copyrighted Work')." *Id.* ¶ 9.  The Complaint

28 alleges that Defendants "create[] and sell[] novelty items . . . including fiber optic light-

up accessories" and "directly compete[] with Plaintiff with regard to the sale of fiber optic light-up accessories." *Id.* ¶ 12. The Complaint alleges that Defendants' packaging for hair clip products available from online listings on Amazon and eBay "display[s] an infringing copy of the Copyrighted Work." *Id.* ¶¶ 13-17. The Complaint alleges, "Plaintiff has never licensed, authorized, or otherwise permitted the Defendant[s] to reproduce, distribute, display or otherwise use the Copyrighted Work" and that "[d]espite multiple notices and demands, Defendant[s] willfully and intentionally continued to infringe on Plaintiff's exclusive copyright in the Copyrighted Work." *Id.* ¶¶ 11, 18.

On June 3, 2017, Plaintiff filed Proof of Service with respect to both Defendants. (ECF No. 3).

On August 18, 2017, Plaintiff filed a Request for Entry of Clerk Default as to both Defendants. (ECF No. 4). On August 22, 2017, the Clerk entered default as to both Defendants. (ECF No. 5).

On August 23, 2017, Plaintiff filed the Motion for Default Judgment. (ECF No. 6). Defendants have not filed any response to the Motion for Default Judgment. In the motion, Plaintiff requested $4,667.04 in attorney's fees; however, Plaintiff provided insufficient evidence to establish that the attorney's fees were warranted. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (internal quotation omitted) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

On December 20, 2017, the Court issued an Order stating,

> IT IS HEREBY ORDERED Plaintiff is entitled to $4,500 in statutory damages and to a permanent injunction. Plaintiff may submit any evidence in support of the request for attorney's fees on or before January 9, 2018. The Motion for Default Judgment shall remain pending in order to allow Plaintiff time to submit any additional evidence related to attorney's fees.

(ECF No. 8).

On January 3, 2018, Plaintiff filed a Request for Court to Consider Additional

Evidence For Attorneys Fees and Costs After Default Judgment. (ECF No. 9). Plaintiff requests "an award of $4,667.04 for attorney's fees and costs." *Id.* at 1. Plaintiff asserts that it has incurred $4,200 in attorney's fees and $467.04 in costs through January 3, 2018. *Id.* Plaintiff also states that it "reserves the right to submit a supplemental motion for any later fees and costs." *Id.* Plaintiff contends that attorney's fees are warranted because Defendants "continuously sold products utilizing the copyright protected images of Plaintiff, even after receiving notice to cease and desist." *Id.* at 2. Plaintiff filed a declaration from Plaintiff's counsel, Matthew Capron, which includes an itemized list of the fees and costs incurred by Plaintiff and states that the total costs and attorney's fees incurred in this case are $4,667.04. (ECF No. 9-1).

The Copyright Act provides that the Court may award recovery of attorney's fees and costs to the prevailing party as a matter of the Court's discretion. 17 U.S.C. § 505. Plaintiff provides sufficient evidence to establish that Plaintiff is entitled to $4,667.04 in attorney's fees and costs.

IT IS HEREBY ORDERED that the Motion for Default Judgment and the Request for Court to Consider Additional Evidence for Attorneys Fees and Costs After Default Judgment are GRANTED. (ECF Nos. 6, 9). Plaintiff is entitled to $4,500 in statutory damages, a permanent injunction, and $4,667.04 in attorney's fees and costs. The Court orders Plaintiff to submit a proposed judgment in accordance with this Order within fourteen days of the date of this Order.

DATED: January 9, 2018

**WILLIAM Q. HAYES**
United States District Judge